

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**MARGARET CIAVARELLA**
212.294.4656
mciavarella@winston.com

August 22, 2016

*Filed Electronically on ECF*

Gregory H. Woods, United States District Judge

Re:   *ABA Refinery Corp. et al v. Republic Metals Refining Corporation*, No. 1:15-cv-8731-GHW

Dear Judge Woods:

Defendant/Counterclaim Plaintiffs Republic Metals Refining Corporation ("RMRC") and Republic Metals Corporation ("RMC") (collectively "Republic") respectfully request a summary judgment pre-motion conference. Republic intends to seek summary judgment on Plaintiffs' breach of contract claim and Republic's counterclaims for breach of contract and promissory estoppel.

- **Republic Is Entitled to Summary Judgment on Its Counterclaims.**

In 2009 and 2010, Plaintiffs agreed to sell, and Republic agreed to purchase, thousands of ounces of gold. For these transactions, Plaintiffs called RMRC indicating the amount of gold they wanted to sell and RMRC quoted the amount it would pay. If Plaintiffs agreed to sell the gold, RMRC conveyed that agreement to RMC, its parent company. RMC completed a "purchase fix ticket," which stated the date of agreement, the amount Plaintiffs agreed to sell, and the price RMRC agreed to pay. RMC then sold that same amount of gold to a third party, referred to as a "sell forward" transaction, so to hedge its position in case the market price for gold changed. RMC completed a "sales ticket" with the third party to again memorialize the date, the amount of gold being sold, and price. In the usual course, and for many transactions in 2009 and 2010, Plaintiffs subsequently delivered the agreed-upon gold.

However, the evidentiary record establishes that Plaintiffs failed to deliver the agreed-upon gold for dozens of transactions. At summary judgment, Republic can satisfy its burden of proving that Plaintiffs agreed to sell Republic a specific amount of gold at a specific price based upon the following: (1) phone records confirming conversations between RMRC and Plaintiffs, (2) deposition testimony of RMRC explaining what was discussed during the phone conversations, including the amount of gold Plaintiffs agreed to sell and price RMRC agreed to pay, (3) purchase fix tickets memorializing the date, amount and price of the agreement with Plaintiffs, and (4) sales tickets memorializing the date, amount, and price of the associated sell forward transaction. Deposition testimony also establishes that Plaintiffs failed to deliver the agreed-upon gold.

The burden then shifts to Plaintiffs to establish a material issue of fact on whether they agreed to sell gold to RMRC on these specific dates. Plaintiffs have no admissible evidence



North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

demonstrating that they *did not* agree to sell RMRC a specific amount of gold at a specific price on a specific date. Republic questioned Plaintiffs about each of the relevant phone conversations where they agreed to sell gold to RMRC. Plaintiffs testified that they had no recollection regarding what was discussed during the calls. Accordingly, Plaintiffs have no admissible evidence to rebut RMRC's testimony regarding what was discussed during those phone conversations, which were contemporaneously memorialized in purchase fix tickets, sales tickets, and other documents.

Republic is, therefore, entitled to summary judgment on its counterclaims for breach of contract and promissory estoppel. Republic can satisfy its burden of proving specific transactions during which Plaintiffs agreed to sell gold to RMRC, but failed to deliver, and Plaintiffs cannot introduce admissible evidence to create an issue of fact for the jury to decide. *See, e.g., Professional Merchant Advance Capital LLC v. C. Care Servs. LLC,* No. 13–cv–6562 (RJS), 2015 WL 4392081, at * 4 (S.D.N.Y. July 15, 2015); *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).

- **RMRC Is Entitled to Summary Judgment on Plaintiffs' Claim.**

Plaintiffs claim that they were not paid, or were underpaid, for gold that they delivered to RMRC. They also claim they were not paid for precious metal remaining in their pool accounts at the time those accounts were closed. Plaintiffs cannot satisfy their burden of introducing admissible evidence to support a breach of contract claim for either category.

- **Plaintiffs Cannot Prove Republic Failed to Pay for Gold and Precious Metals.**

Plaintiffs have identified, in response to an interrogatory, all of the gold transactions and precious metal they claim have not been paid. However, Plaintiffs cannot introduce admissible evidence showing they were not paid. To the contrary, the evidentiary record establishes that Plaintiffs *were* paid for all of the gold transactions and pool accounts. First, Republic and Plaintiffs produced copies of settlement sheets, checks, and wire transfers showing that Republic paid Plaintiffs for nearly all of the gold transactions at issue. Plaintiffs allege they are owed more money on these transactions than was already paid. However, Plaintiffs testified at their deposition that they do not recall how much Republic had agreed to pay, which means there is no admissible evidence indicating that Republic owes more than was already paid.

Second, the evidentiary record establishes that Republic paid Plaintiffs for the remaining gold transactions and precious metals in their pool account through credits. Plaintiffs maintained an account with Republic that was credited and debited based on how much Republic owed Plaintiffs, Plaintiffs owed Republic, and the amount in Plaintiffs' precious metal pool account. In April 2010, Republic closed Plaintiffs' account for failure to deliver. At that time, Plaintiffs' account was in the red as they owed Republic millions of dollars. Republic paid Plaintiffs for the final gold transactions at issue and precious metal in the pool account by crediting its account and reducing its negative balance. Plaintiffs cannot introduce admissible evidence showing that Republic did not pay for the gold and precious metal through these credits.



200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

North America   Europe   Asia

Plaintiffs have the burden of introducing evidence supporting each element of their breach of contract claim, including evidence that Republic breached an obligation to Plaintiffs. The record does not include admissible evidence showing Republic failed to pay Plaintiffs or failed to pay an agreed-upon amount. Accordingly, Plaintiffs cannot satisfy their burden of proof and Republic is entitled to summary judgment. *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("In light of the failure of the defendant to submit evidentiary proof in admissible form ..., it has not made a sufficient showing to defeat the plaintiff's motion for summary judgment. The district court was correct, therefore, in awarding summary judgment in favor of The Limited."); *Salem v. Software Guidance & Assistance, Inc.*, No. 96 CIV. 8437 (AGS), 1997 WL 777402, at *5 (S.D.N.Y. Dec. 16, 1997) ("In sum, we find that plaintiff has produced no admissible evidence to support her breach of contract claims. SG & A's motion for summary judgment on Salem's contract claims is granted.").

- **Plaintiffs' Claim Should be Dismissed Due to Spoliation of Evidence.**

The evidentiary record establishes that Plaintiffs were on notice of their claim against Republic and Republic's claim against them as of April 2010. However, Plaintiffs did not take efforts to preserve evidence relevant to their claims and Republic's counterclaims. As a result, hardcopy and electronic documents have been lost and destroyed. Plaintiffs have not produced, and Republic has been denied, documents that likely would have undermined Plaintiffs' claims and supported Republic's counterclaims. Among other things, such as an adverse inference in support of Republic's counterclaims, the Court should dismiss Plaintiffs' claim as a sanction for their spoliation of evidence. *See, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-45 (1991); *Strong v. City of New York*, 973 N.Y.S. 2d 152, 156 (1st Dep't 2013).

- **The Vast Majority of Unpaid Transactions Alleged by Plaintiffs are Barred by the Statute of Limitations.**

Plaintiffs have identified the transactions they claim are unpaid or underpaid. 142 of the 195 transactions identified by Plaintiffs took place prior to October 2009. Plaintiffs filed their lawsuit in October 2015. The transactions that took place prior to October 2009 (142 transactions) are barred by New York's six-year statute of limitations. Accordingly, Republic is entitled to summary judgment/partial summary judgment with respect to those transactions.

For the reasons summarized above, Republic respectfully requests a pre-motion conference in connection with its motion for summary judgment granting its claims for breach of contract and promissory estoppel, and dismissing Plaintiffs' claim in its entirety.

Very truly yours,

*/s/ Margaret Ciavarella*